UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:06CV-145-R

CARL R. STOPHLET                                                                                           PLAINTIFF

v.

RICKY PARNELL;
JIM WILLIAMS; and
FULTON COUNTY DETENTION CENTER                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment (Docket #28). Although Plaintiff did not file a response to this motion, the deadlines for such filings have passed. This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED.

## BACKGROUND

Plaintiff brought suit against Defendants pursuant to 42 U.S.C. § 1983, alleging that certain conditions at the Fulton County Detention Center violated his constitutional rights.[1] Particularly, Plaintiff alleges that his First Amendment right to freely practice his religion was infringed upon. Plaintiff seeks only equitable relief for this alleged violation.[2]

On February 12, 2007, Plaintiff filed a change of address with the Court, which indicates that

---

[1] Ricky Parnell is a jailor and Jim Williams is the chief deputy jailor at Fulton County Detention Center.

[2] Specifically, in the relief portion of his complaint, Plaintiff states:

I want the courts to take a serious look at the practices of Fulton Co. Detention Center. Plus I want transported to another facility. Because after this I will never get fair treatment ever here.

he is no longer incarcerated.

**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**DISCUSSION**

In *Kensu v. Haigh*, an inmate filed a complaint against prison officials for civil rights violations under 42 U.S.C. § 1983 for, among other things, examining his "legal mail" outside of

his presence. 87 F.3d 172, 173-74 (6th Cir. 1996). Although the court found that the prison officials should not have examined the contents of the mail outside of plaintiff's presence, the court stated that to the extent plaintiff sought declaratory and injunctive relief, his claims were now moot as he was no longer confined to the institution that searched his mail. *Id.* at 175. *See also McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (holding that the claim of a prison inmate seeking prospective mandamus relief solely related to conditions of confinement becomes mooted by that inmate's subsequent release on parole or supervised release). As Plaintiff is no longer confined at Fulton County Detention Center, as evidenced by his change of address filing with the Court, his claims are now moot. As Article III of the United States Constitution limits this Court's jurisdiction to actual, ongoing cases and controversies, this Court no longer possesses jurisdiction over this case. U.S. CONST. art. III; *Cleveland Nat'l Air Show v. United States DOT*, 430 F.3d 757, 761 (6th Cir. 2005).

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment is GRANTED.

An appropriate order shall issue.